IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> QI SHENG ZHANG, *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 1:24-cv-07376-KMW-EAP <br><br> **OPINION** |

**Colleen M. Duffy, Esq.**
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
PO Box 2075
Morristown, NJ 07962

*Counsel for Plaintiff Ameritas Life Insurance Corp.*

**Donald M. Benedetto, Esq.**
Gamburg & Benedetto LLC
1500 JFK Boulevard, Suite 1203
Philadelphia, PA 19102

*Counsel for Defendant Qi Sheng Zhang*

**Chad G. Boonswang, Esq.**
Boonswang Law Firm
1500 Sansom Street, Suite 200
Philadelphia, PA 19102

*Counsel for Defendants Tony Lu and Chu Ming Lu*

**WILLIAMS, District Judge:**

### I.   INTRODUCTION

Plaintiff Ameritas Life Insurance Corp. ("Ameritas") brings this interpleader action against three individuals—Qi Sheng Zhang, Tony Lu, and Chu Ming Lu (together, "Defendants")—each of whom claims to be the rightful beneficiary of a decedent's life insurance policy. Presently before the Court is Ameritas's Motion for interpleader relief pursuant to 28 U.S.C. § 1335, which Defendants have not opposed. For the reasons explained below, Ameritas's Motion is granted, in part, and denied, in part.

## II.    FACTUAL BACKGROUND

On February 2, 2011, Feng Guan Lu ("Insured"), purchased an individual life insurance policy in the principal amount of $1,000,000, payable to a designated beneficiary upon his death (the "Policy").[1] (ECF No. 90 ¶ 1.[2]) At the time the Policy was issued, the Insured designated his son, Chu Ming Lu ("Chu"), as the sole beneficiary. (*Id.* ¶¶ 7–8.) Approximately three months later, on May 16, 2011, the Insured purportedly executed a change of beneficiary, naming Qi Sheng Zhang ("Zhang") as the new primary beneficiary. (*Id.* ¶ 9.) Zhang was identified as the Insured's son. (*Id.*)

The Insured passed away on January 25, 2024. (*Id.* ¶ 10.) Shortly thereafter, Zhang notified Ameritas of the Insured's death and submitted a claim for the Policy's death benefits. (*Id.* ¶¶ 12–13.) However, his claim was later contested by Chu, the original beneficiary, who alleged that the 2011 beneficiary change was fraudulent and void, thus rendering him the rightful beneficiary of the proceeds. (*Id.* ¶¶ 14–15, 26.) Zhang's claim was also contested by the Insured's other son, Tony Lu ("Tony"), who likewise claimed that the beneficiary change was fraudulent, but claimed entitlement to the proceeds (either in whole or in part) based on certain verbal promises allegedly made to him by the Insured prior to his death. (*Id.* ¶¶ 16, 26.) Each of the Defendants subsequently retained counsel to assert and protect their respective claims to the Policy proceeds and instructed Ameritas not to disburse payment to any of the others. (*Id.* ¶¶ 14, 16, 21, 24.)

Confronted with three competing claims, Ameritas declined to release the Policy proceeds to any party absent a resolution of their dispute. (*Id.* ¶ 20.) Having no interest in the proceeds and seeking to avoid exposure to multiple liabilities, Ameritas encouraged the Defendants to reach a

---

[1] The Court specifically refers to the Universal Life Insurance Policy, bearing Policy Number U00004789K, issued to the Insured on February 2, 2011, by Acacia Life Insurance Company ("Acacia"). Ameritas later assumed all obligations under the Policy upon merging with Acacia in 2014.

[2] *See* Certification of Colleen M. Duffy, Esq. (ECF No. 18-2.)

settlement and identify the proper recipient. (*Id.* ¶¶ 20, 27, 29.) Ameritas further advised that, failing such resolution, it would be compelled to initiate an interpleader action. (*Id.*) Despite these efforts, the parties remained at an impasse. (*Id.* ¶¶ 27–28.)

Accordingly, on June 28, 2024, Ameritas commenced this interpleader action, seeking a judicial determination as to the rightful beneficiary of the Policy. (ECF No. 1.[3]) Ameritas has not disbursed the Policy proceeds, but remains ready to pay them to the person or persons legally entitled to receive them (ECF No. 18-2 ¶¶ 30–32.)

### III. LEGAL BACKGROUND

Interpleader "is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995). The typical interpleader action proceeds as follows:

> The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings. The competing claimants are left to litigate between themselves. The result is a win-win situation. The stakeholder avoids multiple liability. The claimants settle their dispute in a single proceeding, without having to sue the stakeholder first and then face the difficulties of finding assets and levying execution.

*Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (citations and quotation marks omitted).

"There are two sources of interpleader relief in federal court: statutory interpleader under 28 U.S.C. § 1335, and rule interpleader under Federal Rule of Civil Procedure 22." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 625 (D.N.J. 2015). The principal distinction between

---

[3] *See* Ameritas's Complaint for Interpleader and Other Relief (ECF No. 1.)

the two is one of subject matter jurisdiction. Section 1335 grants "original jurisdiction" to district courts over interpleader actions and sets forth certain requirements that must be met before the action may be maintained. *See* 28 U.S.C. § 1335; *see also NYLife Distributors*, 72 F.3d at 374. In contrast, Rule 22 is "no more than a procedural device," requiring the plaintiff to "plead and prove an independent basis for subject matter jurisdiction." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).

Once commenced, the typical interpleader action generally proceeds in two distinct stages. First, the court must determine "whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009). At the second stage, the court "determines the respective rights of the claimants to the interpleaded funds." *Id.*

## IV. DISCUSSION

Ameritas proceeds in this action under 28 U.S.C. § 1335.[4] By the instant Motion, it seeks entry of an order (1) permitting it to interplead the Policy proceeds; (2) dismissing it from this action with prejudice; (3) permanently enjoining Defendants from instituting any other action or proceeding related to the Policy proceeds; and (4) awarding Ameritas its reasonable attorneys' fees and costs incurred in connection with this matter.

---

[4] The Court acknowledges that Ameritas has also moved under Federal Rule of Civil Procedure 22 for the very same relief. However, the Court is not persuaded that Rule 22 has been properly invoked or briefed. To be clear, Rule 22 is not a pure equivalent of § 1335, and it does not, as Ameritas states, establish "[t]he Court's authority to grant interpleader relief." Pl.'s Br. at 13; *see also NYLife Distributors*., 72 F.3d at 373 (reiterating that Rule 22 is "purely procedural" and "dissimilar [from § 1335] in several ways"); *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 (3d Cir. 2021) (noting that "Rule 22 interpleader proceeds via pleading . . . not a motion"); 7 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1717 (3d ed.) (observing that injunctive relief for statutory interpleader is unavailable in actions proceeding under Rule 22). In both its Complaint and its Motion, Ameritas focuses almost exclusively on § 1335; so too will this Court.

A. **Subject Matter Jurisdiction**

Before turning to the substance of Ameritas's Motion, the Court must first confirm that it has subject matter jurisdiction under the interpleader statute. *See Stonebridge Life*, 89 F. Supp. 3d at 624. Statutory interpleader jurisdiction requires the satisfaction of three elements: "(1) the amount in controversy is at least $500; (2) two or more adverse claimants are of diverse citizenship; and (3) the funds at issue have been deposited in the Court's registry." *United States Life Ins. Co. in City of New York v. Holtzman*, 723 F. App'x 141, 144 (3d Cir. 2018).

Here, the first two requirements are clearly satisfied. The amount in controversy—namely, the $1,000,000 in life insurance death benefits—greatly exceeds the $500 statutory minimum. As for diversity of citizenship, Chu and Tony are domiciled in Pennsylvania, while Qi is domiciled in New Jersey. Thus, "minimal diversity" exists, as required by the interpleader statute. *See Metro. Life*, 501 F.3d at 275.

The third requirement is somewhat less straightforward. To date, Ameritas has not yet deposited the disputed funds into the Court's registry, which is a "jurisdictional prerequisite" to obtaining interpleader relief under § 1335. *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999). However, districts courts may exercise their discretion and grant interpleader plaintiffs the opportunity to perfect jurisdiction and deposit the disputed funds into the registry. *See, e.g.*, *New York Life Ins. Co. v. Garth*, No. 1:20-13115, 2021 WL 1248512, at *4 (D.N.J. Apr. 5, 2021) (granting interpleader relief contingent upon deposit of funds into registry within ten days). The Court finds that such an opportunity is warranted here. *See United States Life*, 723 F. App'x at 145 n.5 (3d Cir. 2018) (condoning approach "taken regularly by district courts where the amount of funds at issue is undisputed: providing a stakeholder the opportunity to comply with the

deposit requirement upon determining that the other two jurisdictional requirements have been met").

Accordingly, the Court will grant Plaintiff leave to satisfy the third jurisdictional requirement of the interpleader statute. Ameritas shall deposit the full amount of the disputed death benefits into the Court's registry within ten days of the entry of this Opinion. The Court's continued exercise of jurisdiction over this matter shall be conditioned upon Ameritas's timely compliance. Failure to do so will result in the dismissal of this case for lack of subject matter jurisdiction.

B. **Propriety of Interpleader Action**

The Court now turns to the merits of Ameritas's Motion and considers "whether the interpleader complaint was properly brought and whether to discharge [ ] [Ameritas] from further liability to the [Defendants]." *Prudential Ins.*, 553 F.3d at 262. The "key prerequisite" of a proper interpleader action "is that there be two or more claimants to the fund who are adverse to each other." *Stonebridge Life*, 89 F. Supp. 3d at 626 (quotation marks omitted). That requirement is not met where (1) one of the defendant's claims to the funds is "clearly devoid of substance"; (2) one of the claimants is "under the control of the stakeholder or has dropped his claim, such that the fear of multiple liability is baseless"; or (3) the defendants' claims are either "not asserted against the same fund" or the stakeholder "may be liable to both claimants." *Id.* (quotation marks omitted); *see also* 7 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1704 (3d ed.).

This case is paradigmatically one warranting interpleader relief. *See Metro. Life Ins. Co. v. Harris*, No. 16-0358, 2017 WL 3189451, at *3 (D.N.J. July 26, 2017) (finding interpleader appropriate in case involving competing disputes to proceeds of life insurance policy). Ameritas

is faced with multiple, conflicting claims to the proceeds of a single life insurance policy, and it risks incurring multiple liabilities if it makes payment to any one defendant without a judicial determination identifying the rightful beneficiary. Ameritas claims no interest in the Policy proceeds, apart from being reimbursed for its attorneys' fees and costs for having to bring this action. In fact, it concedes its liability under the Policy and seeks to discharge its obligation without the risk of multiple liabilities. Granting Ameritas's Motion will further serve the interests of judicial efficiency and fairness by consolidating the competing claims into a single forum and ensuring an impartial determination of the proper beneficiary. In short, interpleader is a "win-win" for all involved: Ameritas "avoids multiple liability," while Defendants get to adjudicate their dispute in a single proceeding "without having to sue [Ameritas] first and then face the difficulties of finding assets and levying execution." *Metro. Life*, 501 F.3d at 275 (quotation marks omitted).

For all of these reasons, the Court finds that Ameritas should be discharged from any further liability to Defendants in connection with the disputed death benefits. *See* 28 U.S.C. § 2361 (authorizing district courts to discharge statutory interpleader plaintiffs from liability and restrain claimants from pursuing separate actions that could affect subject property). But while the Court will grant Ameritas's Motion, an order implementing this relief will not be issued until after it has complied with the contingency set forth in this Opinion.

### C. **Attorneys' Fees and Costs**

As previously indicated, Ameritas also seeks to be reimbursed for the reasonable legal fees and costs it incurred for initiating this action. "The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under [Rule] 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund." *Prudential Ins. Co. of Am. v. Richmond*, No. 06-525, 2007 WL

1959252, at *4 (D.N.J. July 2, 2007) (citation omitted), *aff'd sub nom. Prudential Ins. Co. of Am. v. Pryor*, 336 F. App'x 232 (3d Cir. 2009). "A court has the discretion to award to an interpleader plaintiff attorneys' fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003). These factors generally justify an award of attorneys' fees "[b]ecause the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court." *Banner Life Ins. Co. v. Lukacin*, No. 13-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (quotation marks omitted).

Here, Ameritas is certainly well-positioned to be awarded the fees and costs incurred in pursuit of this action: it is a disinterested stakeholder, concedes liability, and seeks discharge from any further liability. However, its request is not yet ripe for adjudication. Given the Court's imperfect jurisdiction, any consideration of Ameritas's application must be postponed. *See Discover Bank v. Greenwood House Home for the Jewish Aged*, No. 3:18-CV-16020, 2023 WL 2339900, at *6 (D.N.J. Feb. 28, 2023) (permitting interpleader plaintiff to seek attorneys' fees and costs after depositing disputed funds into court registry); *see also Wells Fargo Bank, N.A. v. Comments Sols., LLC*, No. 1:19-CV-77, 2019 WL 6873257, at *5 (D.N.J. Dec. 17, 2019) (same). So, while the Court will deny this portion of Ameritas's Motion, it does so without prejudice and grants Ameritas leave to renew its application after it properly deposits the funds into the Court's registry.

V. **CONCLUSION**

For all of the reasons expressed above, Ameritas's Motion is granted insofar as it seeks to interplead the death proceeds and be discharged from liability. As detailed in the accompanying

Order, this relief is conditioned on Ameritas depositing the death benefits into the Court's registry within ten days. To the extent Ameritas requests an award of attorneys' fees and costs, its Motion is denied without prejudice to its right to renew the same following its compliance with the Court's Order.

Date: April 30, 2025

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE